UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRY SWACK, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LEHMAN BROTHERS INC.,<br><br>Defendant. | Civil Action No. 03-10907-RCL |
| ROBERT COOPERSMITH and ALLEN ECKERT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>LEHMAN BROTHERS INC.,<br><br>Defendant. | Civil Action No. 03-12205-RCL |

**DEFENDANT LEHMAN BROTHERS INC.'S OPPOSITION TO PLAINTIFF ROBERT COOPERSMITH'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPOINTMENT OF SHAPIRO HABER & URMY LLP AND WOLF POPPER LLP AS LEAD COUNSEL**

Defendant Lehman Brothers Inc. ("Lehman") respectfully submits this memorandum of law in support of its opposition to Plaintiff Robert Coopersmith's motion for appointment as lead plaintiff and for appointment of the firms Shapiro Haber & Urmy LLP ("Shapiro Haber") and Wolf Popper LLP ("Wolf Popper") as lead counsel.

**Preliminary Statement**

In an effort to weed out lawyer-driven strike suits and ensure that plaintiffs, and not lawyers, controlled securities class action suits, the Private Securities

Litigation Reform Act ("PSLRA"), codified at 15 U.S.C. § 78u-4 et seq., established a mechanism for the early appointment of a "lead plaintiff" to direct the litigation and select lead counsel. These PSLRA reforms – reforms that require notice to the putative class within 20 days after filing of a complaint and that applications for lead plaintiff be filed within 60 days of publication of notice – are not discretionary. Here, the proposed lead plaintiff has failed to comply with any of the PSLRA's requirements. As we show below, that failure is fatal to Mr. Coopersmith's motion for appointment as lead plaintiff (and, of course, his motion to select lead counsel) and to his effort to pursue this action as a class action.

## Statement of Facts

On May 14, 2003, plaintiff Terry Swack initiated the first of these now consolidated securities fraud class action lawsuits, captioned *Swack* v. *Lehman Brothers Inc.*, No. 03 CV 10907(RCL). The *Swack* complaint alleged that Lehman violated federal securities laws by issuing false and misleading analyst reports concerning Razorfish, Inc. ("Razorfish"). Ms. Swack published notice of her action to putative class members on May 14, 2003. (Ex. 1.) In that notice, Ms. Swack's lawyers from Shapiro Haber advised potential class members that Ms. Swack had filed a class action on behalf of persons who purchased Razorfish common stock from May 24, 1999, through February 9, 2001 (the "Swack Class Period"), and that purchasers of Razorfish shares during the Swack Class Period had until July 14, 2003, to "move the court to serve as lead plaintiff." On July 14, 2003, Ms. Swack moved for appointment as lead plaintiff, and for appointment of Shapiro Haber as lead counsel. No other potential class member sought to be appointed.

2

Lehman opposed Ms. Swack's motion for appointment as lead plaintiff on the ground that her sworn certification was false. Ms. Swack's certification asserted that she purchased 90,000 shares of Razorfish during the Swack Class Period. In fact, Ms. Swack had not purchased her Razorfish stock in the open market. Instead, Ms. Swack acquired those shares in a privately negotiated transaction in which Ms. Swack sold her own company, TSDesign, to Razorfish. *See* Defendant's Opposition to Plaintiff's Motion for Appointment as Lead Plaintiff at 3-4. (Ex. 2.) Ms. Swack nonetheless asserted in the complaint, which alleged that Lehman misled the "market" by publishing false analyst reports, that her purported claims were "typical" of the class members. *Swack* Complaint ¶ 12. The Court denied Ms. Swack's motion on August 13, 2003, and denied Ms. Swack's motion for reconsideration on September 6, 2003. With no lead plaintiff, *Swack* has remained dormant until recently.

On November 10, 2003, two months after the denial of Ms. Swack's motion for reconsideration, Shapiro Haber – the same lawyers who represent Ms. Swack – filed a virtually identical securities fraud class action, *Coopersmith* v. *Lehman Brothers Inc.*, C.A. No. 03-12205-RCL (Nov. 10, 2003), alleging that Lehman had published false and misleading research concerning Razorfish. The *Coopersmith* complaint covers a class period from May 24, 1999, through February 5, 2001 (the "Coopersmith Class Period"), a period that is four days shorter than the Swack Class Period.

What Shapiro Haber did not do upon filing the *Coopersmith* complaint is critical on this motion. First, Shapiro Haber did not provide notice to putative class members as required under 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, Shapiro Haber did not serve Lehman. Instead, on January 9, 2004, nearly eight months after notice of the

3

*Swack* suit was published, and nearly six months after Mr. Coopersmith's time to move for appointment as lead plaintiff in response to that notice had expired, Shapiro Haber filed the instant motion.[1]

## Argument

### I.

### Lehman Has Standing To Challenge Mr. Coopersmith's Motion

Because Mr. Coopersmith has failed to provide notice to putative class members, Lehman's standing to challenge his motion is clear. A defendant has standing to challenge a lead plaintiff motion in limited circumstances, among them a challenge to the adequacy of certification and notice to putative class members. *See, e.g., Greebel* v. *FTP Software, Inc.*, 939 F. Supp. 57, 60 (D. Mass. 1996); *In re USEC Sec. Litig.*, 168 F. Supp. 2d 560, 566 (D. Md. 2001); *In re Orthodontic Centers of America, Inc. Sec. Litig.*, No. CIV.A. 01-949, 2001 WL 1636846, at *3 (E.D. La. Dec. 18, 2001). A defendant's role in assisting the Court in making an informed analysis of a lead plaintiff motion is especially important when – as here – there are no other putative class members to proffer opposition to the motion. *Greebel*, 939 F. Supp. at 60; *In re Orthodontic Centers of America*, 2001 WL 1636846, at *3; *In re USEC*, 168 F. Supp. 2d at 565.[2]

---

[1] Upon receiving the motion papers, Lehman's counsel agreed, on Lehman's behalf, to accept service of the *Coopersmith* complaint. Counsel for the parties agreed to work out a schedule for briefing the issues raised in the instant motion. The Court, on Lehman's motion, approved that schedule on February 5, 2004.

[2] Even in the absence of Lehman's standing to challenge the lead plaintiff motion, the Court could consider the arguments and authorities Lehman raises and *sua sponte* raise and address Lehman's concerns. *See, e.g., Fields* v. *Biomatrix, Inc.*, 198 F.R.D. 451, 454 (D.N.J. 2000) (citing cases).

## II.

### Mr. Coopersmith's Failure to Comply with the PSLRA's Strict Deadlines Is Fatal to His Motion and to this Purported Class Action

Ignoring the plain language of the PSLRA, Mr. Coopersmith seeks on this motion to rely on Ms. Swack's May 14, 2003 notice. But Mr. Coopersmith cannot rely on the *Swack* notice.

### A.    Mr. Coopersmith's Motion Is Not Timely Under the *Swack* Notice

The PSLRA requires that motions for lead plaintiff be filed "not later than 60 days after the date on which notice is published." 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). As Mr. Coopersmith recognizes, the PSLRA permits one notice to suffice for multiple actions asserting substantially the same claims. The PSLRA is equally clear, however, that when more than one action is filed "the time begins to run from the filing of the first-filed action, and, thus, the sixty (60) day limitation is calculated on the basis of the date on which notice for the first-filed action is published." *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 818 (N.D. Ohio 1999).

Conceding, as he must, that his application for lead plaintiff has not been brought within the 60-day period, Mr. Coopersmith argues that "the statute does not affirmatively prohibit a class member from applying to be lead plaintiff more than 60 days after the notice was published." Pl. Br. at 5-6. Courts have emphatically rejected this very argument: "The PSLRA is unequivocal and allows for no exceptions. All motions for lead plaintiff must be filed within sixty (60) days of the published notice for the first-filed action. The plain language of the statute precludes consideration of a financial loss asserted for the first time in a complaint . . . filed *after* the sixty (60) day

5

window has closed." *In re Telxon*, 67 F. Supp. 2d at 818 (declining to consider complaint filed after expiration of 60-day period by entity seeking lead plaintiff role in consolidated action). *See also In re Enron Corp. Securities Litigation*, 206 F.R.D. 427, 439-40 (S.D. Tex. 2002) ("The statute is unequivocal and imposes precise time requirements; therefore all motions for appointment of Lead Plaintiff must be filed within sixty days of the published notice.").

Because the time to move for appointment as lead plaintiff based on the *Swack* notice expired on July 14, 2003, Mr. Coopersmith is simply too late to be appointed lead plaintiff based on that notice.

### B. Mr. Coopersmith Cannot Bypass the Requirements for Sending Notice Under the PSLRA

The PSLRA requires that notice be sent to members of the purported class "[n]ot later than 20 days after the date on which the complaint is filed." 15 U.S.C. § 78u-4(a)(3)(A)(i). Since the complaint in this action was filed on November 6, 2003, Mr. Coopersmith's time to send notice has long passed. Since no notice has been sent in this action, Mr. Coopersmith cannot be appointed lead plaintiff. In fact, the action cannot proceed at all. The failure of a named plaintiff to serve notice to class members is "fatal to maintenance of a putative class action." *Greebel*, 939 F. Supp. at 60; *In re USEC*, 168 F. Supp. 2d at 565.

Recognizing this fact, Mr. Coopersmith argues that there is no bar to proceeding with a class action absent appointment of a lead plaintiff. But that argument has been rejected not only by *Greebel*'s holding that failure to serve notice is "fatal to maintenance of a putative class action," but also by *Greebel*'s recognition of the

6

relationship between the PSLRA's lead plaintiff requirements and class certification motions:

> Though neither the text of the PSLRA nor its legislative history explicitly describe the relationship between motions for lead plaintiff and motions for class certification, it seems clear that Congress recognized that these motions involved distinct inquiries. Section 21D(a)(3)(B) refers throughout its text to "purported class members." <u>Congress implicitly understood, therefore, that lead plaintiff motions would be decided prior to consideration of certification issues.</u>[3]

As a result, Mr. Coopersmith's failure to comply with the PSLRA's notice provision is fatal to his effort to continue this action as a purported class action.[4] For different reasons, Ms. Swack's action also cannot proceed as a class action. Ms. Swack lost her bid to serve as lead plaintiff. No other putative class member stepped forward in the required time period to serve as lead plaintiff. Accordingly, absent a lead plaintiff, Ms. Swack's action cannot proceed as a class action.[5] If they choose, Ms. Swack and

---

[3]  939 F. Supp. at 60 (emphasis added). The motion before the Court is styled, in the alternative, as a motion for class certification. Under the schedule approved by the Court on February 5, 2004, the class certification motion has been deferred pending the Court's ruling on Mr. Coopersmith's application to serve as lead plaintiff. Even were that not the case, as *Greebel* holds, Mr. Coopersmith's class certification motion would be premature.

[4]  Mr. Coopersmith's brief notes that Plaintiff Allen Eckert is "ready and willing to serve" as lead plaintiff in this action. (Pl. Br. at 2 n.1.) Any attempt by Mr. Eckert to serve as lead plaintiff, however, would fail for the same reasons that Mr. Coopersmith's bid fails. Mr. Eckert is too late to take advantage of the *Swack* notice, and it is too late to send the requisite notice in this action.

[5]  *See Greebel*, 939 F. Supp. at 60; 15 U.S.C. § 78u-4(a)(1). As Ms. Swack has taken no action to amend her complaint to remove the class allegations in the more than five months that have passed since this Court's denial of Ms. Swack's motion for reconsideration, Lehman reserves its right to move to dismiss any amended complaint Ms. Swack might choose file on the basis of Ms. Swack's failure to prosecute her claims.

7

Mr. Coopersmith may elect to continue their suits on an individual basis.[6] This result works no injustice on Ms. Swack or Mr. Coopersmith and best protects the interests of the putative class.[7]

Indeed, basic notions of fairness (as well as the text of the PSLRA) preclude Mr. Coopersmith's proceeding in this suit without sending notice to the purported class. The notice provisions of the PSLRA are "central" to the Act. *Ravens* v. *Iftikar*, 174 F.R.D. 651, 675 (N.D. Cal. 1997). "A putative class member cannot know whether his interests are adequately represented, or whether he will be entitled to recovery at all, without notice of rudimentary information bearing on plaintiffs' qualifications to represent the class alleged in the pleadings." *Id.* See also *King* v. *Livent, Inc.*, 36 F. Supp. 2d 187, 190 (S.D.N.Y. 1999) ("It must be assumed that Congress intended the publication of a notice of filing an action to enable interested class members to review the complaints and the qualifications of the putative lead plaintiff as required by the certification filed with the complaint under PSLRA Section 3(A)(i).").

The *Swack* notice told purported class members about a suit in which the named plaintiff certified that she had purchased 90,000 shares of Razorfish stock. Given

---

[6] Mr. Coopersmith's failure to comply with the PSLRA's provisions governing the selection of lead plaintiff renders moot his request to select lead counsel.

[7] These are not the only pending putative class actions brought on behalf of those who invested in Razorfish common stock. Ms. Swack is pursuing a separate putative class action against Credit Suisse First Boston based on similar allegations, *Swack* v. *Credit Suisse First Boston*, 02-CV-11943 (DPW), and class actions against Lehman and other banks arising out of Lehman's research and involvement in the Razorfish IPO are pending in the Southern District of New York, *In re Initial Public Offering Securities Litigation*; Master File No. 21 MC 92 (SAS); *In re Razorfish Initial Public Offering Securities Litigation*, 01 Civ. 5427 (SAS).

the PSLRA's presumption that the role of lead plaintiff will be granted to an investor with the largest financial interest in the case, *In re Critical Path Securities Litigation*, 156 F. Supp. 2d 1102 (N.D. Cal. 2001); S. Rep. No. 104-98, at 685 (1995), investors with lesser purchases, even if significant, would have had little incentive to come forward to challenge Ms. Swack's appointment. In contrast, Mr. Coopersmith's certification states that he purchased only 800 shares of Razorfish common stock. Because Mr. Coopersmith did not provide notice, however, we can only speculate whether others might have sought to serve as lead plaintiff upon learning of Mr. Coopersmith's suit.[8]

### Conclusion

For the foregoing reasons, Lehman respectfully requests that the Court deny both Mr. Coopersmith's motion for appointment as lead plaintiff and for appointment of Shapiro Haber and Wolf Popper as lead counsel.

Respectfully submitted,

ROPES & GRAY LLP

*/s/ signature*

John D. Donovan, Jr. (BBO # 130950)
Michael T. Marcucci (BBO # 652186)
One International Place
Boston, MA 02110
Tel.: (617) 951-7000

- and -

---

[8] Because *Coopersmith* was not filed until after the *Swack* 60-day period had expired, had a putative class member searched for other actions after seeing the *Swack* notice, that search would not have uncovered the *Coopersmith* complaint.

9

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
Moses Silverman
1285 Avenue of the Americas
New York, NY 10019-6064
Tel.: (212) 373-3000

*Attorneys for Defendant Lehman Brothers Inc.*

Dated: February 11, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand

Date: 2/11/4