UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TERRY SWACK, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LEHMAN BROTHERS INC.,<br><br>Defendant. | C.A. No. 03 10907 RCL |
| ROBERT COOPERSMITH and ALLEN ECKERT, Individually and on Behalf of all Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>LEHMAN BROTHERS INC.,<br><br>Defendant. | C.A. No. 03 12205 RCL |

### PLAINTIFF'S ASSENTED TO MOTION FOR LEAVE TO FILE REPLY MEMORANDUM

Plaintiff respectfully moves, pursuant to Local Rule 7.1B(3), for leave to file this reply memorandum in response to defendant's opposition ("Opposition") to plaintiff's motion for appointment as lead plaintiff. Defendant assents to the filing of this motion.

**1.   The Motion is not Untimely Under the Circumstances of This Case**

This case presents the novel circumstance that the only application for lead plaintiff made within the 60 day period was denied. Under these circumstances, the Coopersmith application should be considered. The cases cited by defendant are not to the contrary.

The *Telxon* case cited by defendant was a decision on **competing** lead plaintiff motions. The court held that it would not consider an application based on a complaint filed after the 60 day period had expired, and instead appointed another applicant. *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2nd 803, 818-819 (N.D. Ohio 1999). While the *Telxon* court observed that the 60 day period in the statute is "unequivocal", the Court also noted that the purpose of this provision was to expedite the lead plaintiff process.

> The obvious intent of these provisions is to ensure that the lead plaintiff is appointed at the earliest possible time, and to expedite the lead plaintiff process."

*Id.* at 818-819. There is nothing in *Telxon* to suggest that the statute should be applied in a way to prohibit the appointment of any lead plaintiff.

In the second case cited by defendant, *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002), the Court was also considering competing applications. The court cited *Telxon* for the proposition that the time limits in the statute are unequivocal, and, like *Telxon* it observed that "the statute evidences Congress' intent to expedite the process." 206 F.R.D. at 440. Nothing in these cases suggests that the statute should be applied in a way that prevents the appointment of any lead plaintiff.

## 2. The Notice Requirements of the PSLRA Have Been Satisfied

The notice provisions of the PSLRA were satisfied by the publication of a notice of the filing of the *Swack* action. *See* Declaration of Thomas G. Shapiro, dated January 9, 2004, Exh. A; Opposition at 2. Defendant fails to point out that the statute provides that if more than one action on behalf of a class asserting substantially the same claim or claims is filed, only the plaintiff "in the first filed action shall be required to cause notice to

2

be published". 15 U.S.C. § 78u-4(a)(3)(A)(ii).[1] Accordingly, the notice requirement of the PSLRA was satisfied by publication of the *Swack* notice. The observation in *Greebel* that failure to serve notice is fatal, does not apply where the statutory notice was given following the filing of the first action on behalf of the class.

Defendant's complaint that no notice was published within 20 days of the filing of the *Coopersmith* action is disingenuous. If a notice had been issued, defendant would undoubtedly have complained that it was untimely.[2] As noted in the Opposition, the statute requires that notice be published within 20 days of the filing of the first complaint on behalf of the class. Opposition at 6.[3]

Similarly, defendant's citation to *Greebel* concerning the sequence of lead plaintiff and class certification motions is beside the point. *Greebel* simply recited the statutory scheme, and plaintiff does not dispute that the intent is for lead plaintiff motions to be decided before a class certification motion. But there is nothing in *Greebel*, and no indication of Congressional intent, that a class action may not proceed in the unusual circumstance, such as exists here, where the only lead plaintiff application made within the 60 day period is denied.

---

[1] As defendant points out, the *Coopersmith* complaint is "virtually identical" to the *Swack* complaint. Opposition at 3.

[2] This is precisely why plaintiff did not publish second notice after filing the *Coopersmith* action. If the Court believes another notice should be published, plaintiff will publish such notice and would not object to any lead plaintiff application filed within 60 days of such notice on the grounds that it is untimely.

[3] If a new notice were published on the filing of any subsequent complaint, triggering a 60 day period for filing a lead plaintiff application, the resolution of the lead plaintiff issue could be delayed indefinitely, which would be the opposite of the Congressional intent.

3

### 3. There is No Unfairness to the Class

Defendant's argument about "basic notions of fairness" (Opposition at 8) is, with all respect, sophistic. Defendant, of course, is not concerned with protecting the interests of class members; its objective is to prevent this case from going forward at all.

Defendant argues that class members may have been prejudiced in deciding whether to seek to be lead plaintiff by the fact that Coopersmith did not provide notice. But the situation is no different than if Coopersmith had filed his motion on the 60th day following the notice. In either case, class members would not have known prior to expiration of the 60 day period that the Swack application would be denied or that Coopersmith had filed a motion (and the amount of his losses). If, however, the Court believes a new notice should issue to the class, plaintiff will be happy to do so.

### 4. Policy Considerations Support Allowance of This Motion

Contrary to defendant's professed concerns, policy considerations strongly militate in favor of allowing lead plaintiff motions after the 60 day period in circumstances like these, i.e., all lead plaintiff motion(s) filed within the 60 day period are denied. The alternative would require each class member to file a lead plaintiff motion, inundating the Court with pleadings, to safeguard against the risk that there might be no lead plaintiff motion allowed.

### 5. Coopersmith Should be Certified as a Class Representative Even if He is Not Appointed Lead Plaintiff.

Plaintiff Coopersmith moved in the alternative that he be certified as a class representative pursuant to Rule 23 in the event he is not appointed Lead Plaintiff. While the PSLRA provides for the appointment of a lead plaintiff, there is nothing in the statute

4

that prohibits the maintenance of a class action in the absence of such appointment. Coopersmith meets the qualifications for certification as a class representative pursuant to Rule 23 and he should be so certified.

Respectfully submitted,

Dated: February 17, 2004

*[signature]*

Thomas G. Shapiro (BBO# 454680)
Theodore M. Hess-Mahan (BBO #557109)
Shapiro Haber & Urmy LLP
75 State Street
Boston, MA 02109
617-439-3939

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)

The defendant assents to this motion.

*[signature]*
_____
Thomas G. Shapiro

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE
DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD,
FOR EACH OTHER PARTY BY MAIL-HAND-FAX ON 2/17/04

*[signature]*

# SHAPIRO HABER & URMY LLP

Attorneys at Law

Thomas G. Shapiro
Edward F. Haber
Thomas V. Urmy, Jr.
Michelle H. Blauner

Theodore M. Hess-Mahan
Christine E. Morin
Todd. S. Heyman
Matthew L. Tuccillo

*Counsel*

Lawrence D. Shubow
Alfred J. O'Donovan

E-mail:
tshapiro@shulaw.com

February 17, 2004

**VIA HAND DELIVERY**

Lisa Hourihan, Deputy Clerk
United States District Court
One Courthouse Way, Suite 2300
Boston, MA 02210

Re:  *Swack v. Lehman Brothers*
     No. 03-10907-RCL

Dear Ms. Hourihan:

Enclosed for filing please find Plaintiff's Assented to Motion for Leave to File Reply Memorandum.

Sincerely yours,

Thomas G. Shapiro

TGS:sg
Enclosure
cc:   John D. Donovan, Jr. (w/enclosures)
      Robert Finkel (w/enclosures)